## SUPREME COURT.

ADOLPH HAMMER agt. CHARLES N. BARNES, impleaded with A. B. NASH & Co.

A *scientific invention*, claimed to be an improvement in the manufacture of malt liquors, is the subject of protection by injunction by the state courts, whether or not the invention is of such a nature that it could be *patented*.

Where the plaintiff shows that he will be entitled to final relief by injunction or otherwise against any person, although such person is not a party to the contract alleged to be violated, he is properly made a *party defendant*.

Persons having *no interest* in the controversy, although they are general partners of the plaintiff, cannot properly be made *parties plaintiff*.

Persons who have acquired from the defendants a knowledge of a secret invention for which the plaintiff claims protection, are not necessary parties.

*New York Special Term, November*, 1863.

THIS case came up on argument before the court on demurrer interposed by the defendant Charles N. Barnes to the plaintiff's complaint.

It appeared from the plaintiff's complaint that he had devoted many years of labor and scientific research to the art of brewing ales, especially with reference to their keeping qualities in hot weather; in the course of which he had discovered an art and process of manufacturing an ale which had become celebrated throughout the United States for its keeping qualities, and the superiority of the article as well as its economy in manufacture; that such discovery was of such a nature that it could not be patented; consequently the plaintiff was in the habit of teaching it to different brewers for a valuable consideration, they binding themselves to keep it secret. The complaint further averred that A. B. Nash & Co., who were brewers in Troy, applied to the plaintiff for a knowledge of his secret, which the latter, for a valuable pecuniary consideration, agreed to impart to them, and thereupon an agreement was entered into between the plaintiff and A. B. Nash & Co., to the effect that the plaintiff imparted to them his discovery, the said A. B. Nash & Co. binding themselves in a penalty of $15,000 not to impart it to any one excepting their manager and agent, the defendant Charles N. Barnes, nor to suffer the knowledge of it to be acquired by any one through their negligence.

It further averred that the defendants broke their agreement, after having experienced the beneficial nature of the improvement, by secretly imparting the knowledge of the process to divers other large and extensive brewers in this

city and other cities, whereby the plaintiff has been damaged $35,000.

It also appeared that the defendants claimed and set up that they would teach that process to other parties, whereby the plaintiff's business as a teacher of the art of brewing would be broken up, and the aims and labors of a lifetime would be frustrated by the inequitable acts of the defendants.

The complaint concluded by praying judgment against A. B. Nash & Co. for $35,000 damages, and for an injunction against all the defendants to prevent them from further disclosing the plaintiff's process.

To this the defendant, Charles N. Barnes, demurred.

JOHN TOWNSEND, *for defendant.*

1st. The supreme court had no jurisdiction, as the case was one properly cognizable by the patent laws of the United States, and not of this court.

2d. The defendant Charles N. Barnes was not a contracting party with the plaintiff, and therefore was improperly joined in this case as a defendant.

3d. The plaintiff should have joined his other partners with him, or should have made as parties defendants the persons to whom the defendants were alleged to have communicated the discovery.

D. McMAHON, *for the plaintiff.*

MULLIN, Justice, rendered judgment in favor of the plaintiff, overruling the demurrer, with costs; holding it as his opinion, that in such cases the jurisdiction of the court was established by numerous decisions, and he should not now dispute it; that in his opinion, if the plaintiff was entitled to any final relief by injunction or otherwise against Charles N. Barnes, he was properly made a party defendant.

That the complaint showed that the plaintiff's partners had no interest in the controversy, and the parties who were supposed to have acquired the secret from the defendants were not necessarily parties.

Judgment in favor of the plaintiff, overruling the demurrer, with costs, with liberty to answer in twenty days.